UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:25-cv-00153

**Wesley Jones,**
*Plaintiff,*
v.
**Bryan Collier et al.,**
*Defendants.*

# ORDER

Plaintiff, a Texas Department of Criminal Justice inmate proceeding pro se and in forma pauperis, filed this case under 42 U.S.C. § 1983. Plaintiff maintains that defendants violated his constitutional rights through (1) threats, intimidation, and acting aggressively, (2) retaliation for filing grievances, (3) violation of TDCJ rules, and (4) a false disciplinary proceeding. Doc. 31. The case was referred to a magistrate judge, who issued a report recommending that the court dismiss his complaint with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). Doc. 40.

Plaintiff filed timely objections. Doc. 45. The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). For the reasons below, the court finds that plaintiff's objections are meritless.

## I. Plaintiff's objections

Plaintiff raises a multitude of objections. First, he objects because he was not provided with the resources necessary to make his claim, or that his materials have been destroyed by TDCJ officers and inmates resulting in a "denial of access to courts." Doc. 45 at 1–2. He further argues that he is entitled to appointment of counsel. *Id.* Next, he contends that the report failed to consider that defendant Adeniran assaulted him by hitting him with a door and placing him in hand restraints. *Id.* at 3. Plaintiff also contends

that defendant Adeniran informed him that Adeniran was harassing him because of his race, claiming that Adeniran subjected him to a "bodily" search in which he was forced to expose himself and urinate in a cup. *Id.* Plaintiff reiterates his contentions that he was "locked in a cage" for hours and issued a disciplinary case for filing prison grievances. *Id.* at 4.

Plaintiff also raises a host of new facts and legal theories. Plaintiff argues for the first time that the International Covenant on Civil and Political Rights and Article 5 of the Universal Declaration of Human Rights prohibits his mistreatment. *Id.* Similarly, for the first time now in his objections, plaintiff argues that this retaliation amounted to a violation of his religious freedoms under the First Amendment and the Religious Land Use and Institutionalized Persons Act. *Id.* Plaintiff also complains that he was not given notice of a disciplinary hearing or an opportunity to defend himself. *Id.*

Finally, plaintiff argues, for the first time in his objections, that his disqualification from release onto mandatory supervision under Texas law constitutes racial discrimination "because there are more black and brown skinned prisoners convicted of [the 36 offenses listed] than whites or non-blacks." *Id.* at 6.

**II. Analysis**

Issues raised for the first time in objections to a report and recommendation are not properly before the district court. *Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994). Many of plaintiff's "objections" are improper attempts to replead his case with new facts, arguments, and causes of action which should have been presented to the magistrate judge in the first instance. *See id.*

First, plaintiff's objection that he has not been provided with adequate resources to respond to the report and that his legal work and records have been damaged or destroyed are improper objections as they do not object to the report. *Id.* Instead, plaintiff impermissibly raises new arguments and claims in his objections related to the conditions of his confinement. Thus, this objection is overruled as it is not properly before this court.

Similarly, plaintiff maintains that he requires counsel to properly prepare his case. But a plaintiff is not entitled to the appointment of counsel in a § 1983 proceeding and plaintiff here points to no extraordinary circumstances warranting counsel. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) (explaining that a district court is not required to appoint counsel in the absence of "'exceptional circumstances' which are dependent on the type and complexity of the case and the abilities of the individual pursuing that case."). Accordingly, this objection is overruled.

Likewise, plaintiff made no mention of an assault via a door or through restraints in his amended complaint; similarly, his amended complaint is devoid of any facts related to a bodily search. While plaintiff lists "assault" on his form under the actions by defendant Adeniran that harmed him, the only plausibly supportive pleading in the operative complaint is that "Adeniran retaliated on me by using profanity towards me and hitting me with the door to the cafeteria." Doc. 31 at 3. Plaintiff provides no supporting facts or details to suggest that any constitutional right was violated. Without more, these vague allegations do not support a constitutional claim. *See Al-Ra'id v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995) (conclusory allegations are insufficient under § 1983). Therefore, this objection is overruled as it is not properly before this court and, even if it were, it is meritless.

Further, to the extent that plaintiff reiterates that defendants verbally threatened him and "acted aggressively" toward him, such allegations fail to state a claim upon which relief may be granted. Mere threatening language and gestures—such as insults, racial name-calling, verbal abuse, and harassment—do not constitute a constitutional violation. *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993). Therefore, this objection is overruled.

Plaintiff next reiterates his allegation that defendants retaliated against him by filing a false disciplinary case, placing him in a "cage" for several hours, and removing him from the chapel on one occasion. The Fifth Circuit has explained that claims of retaliation in the context of prison disciplinary proceedings are to be

carefully scrutinized and treated with skepticism—as it is not the function of federal courts to embroil themselves in the everyday minutia of prison operations. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). The court also explained that a prisoner must allege the violation of a specific constitutional right and be prepared to establish that, but for the retaliatory motive, such an act would not have occurred. *Id.* Mere conclusory allegations of retaliation or simply the belief that one has been retaliated against does not suffice. *Id.*; *see also Johnson v. Rodriguez*, 110 F.3d 299, 310–12 (5th Cir. 1997).

Here, the magistrate judge correctly determined that these allegations fail to state a claim upon which relief may be granted. Plaintiff's allegations, even construed generously, fail to allege either a retaliatory act that is more than *de minimis* or causation. And, even with an opportunity to amend, plaintiff's allegations regarding retaliation remain conclusory. Additionally, to the extent that plaintiff alleges that any of these actions amount to a violation of international law or constitute torture, he raises these issues for the first time in his objections.

Likewise, threatening language—such as threatening to file a disciplinary case—does not indicate retaliation because mere threatening language, without more, does not evince a constitutional violation. *Bender*, 1 F.3d at 274 n.4. As the magistrate judge highlighted, plaintiff provides no specifics regarding his placement in a "cage" or his "removal" from the chapel on one instance. These vague allegations do not state a claim. *See Al-Ra'id*, 69 F.3d at 32. And vague factual allegations do not indicate chorological events from which retaliation can be plausibly inferred. *Woods*, 60 F.3d at 1166. Accordingly, this objection is overruled.

Again, for the first time in his objections, plaintiff argues that his religious liberties were violated both under the First Amendment and the Religious Land Use and Institutionalized Persons Act when he was removed from the chapel. However, plaintiff's amended complaint does not feature any mention of his religious

liberties being violated. Plaintiff's allegation that he was forced to leave the chapel, without more, fails to state a claim. Doc. 45 at 5. Accordingly, this argument is meritless.

Next, plaintiff insists that his rights were violated through the "false" disciplinary case that was later overturned—complaining that he did not receive notice or an opportunity to defend himself. But the magistrate judge correctly explained that plaintiff identified no liberty interest because he is ineligible for mandatory supervision. Accordingly, his claims concerning lack of notice and the inability to defend himself fail to state a claim. *See Toney v. Owens*, 779 F.3d 330, 336–37 (5th Cir. 2015).

Finally, because plaintiff raises for the first time in his objections his claim that Texas's mandatory supervision statute racially discriminates against convicted prisoners, the allegation is not properly before the court. Though plaintiff alleged that defendants used racial profanity, which does not state a claim, he did not allege that the mandatory supervision statute discriminates based on race in his operative complaint. Because this issue was raised for the first time in plaintiff's objections, the court declines to consider it.

**III. Conclusion**

For the reasons given above, the court accepts the magistrate judge's report (Doc. 40) and overrules plaintiff's objections (Doc. 45). Plaintiff's lawsuit is dismissed with prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). Any pending motions are denied as moot.

*So ordered by the court on September 22, 2026.*



J. CAMPBELL BARKER
United States District Judge